## WALTER F. BEAN *vs.* NATHAN CROSBY & others.

After conviction and sentence to pay a fine and costs, and to stand committed until such sentence shall be performed, the omission in the mittimus to recite that the original complaint was made under oath, and to set forth correctly the disposition to be made of the fine when paid, and to designate to which of several jails in the same county the prisoner shall be committed, is immaterial, if the complaint and judgment are correct in form.

TORT against the standing justice of the police court of Lowell, and the city marshal, a police officer, and the deputy jailer, all of Lowell, for assault and battery in committing the plaintiff to jail on a warrant issued upon a judgment of conviction against him for violation of the city ordinance against allowing cows to stop and feed in the public streets. The facts, which were agreed, are stated in the opinion.

*J. N. Marshall*, for the plaintiff.

*W. S. Gardner*, for the defendants.

MERRICK, J. From the statement of facts and the record and other documents referred to therein, it appears that, on the 14th of July 1856, a complaint in due form of law was made by Clemence, one of the defendants, to the police court of the city of Lowell against the plaintiff, charging him with a violation of the provisions of an ordinance of the city. Upon this complaint a

warrant was issued, and the plaintiff was arrested thereon and taken before said court; and, after due proceedings, was convicted of the offence alleged against him and sentenced to pay a fine of five dollars to the use of the city, together with costs of prosecution, and to stand committed until the sentence should be performed. The fine and costs not being paid, a warrant was issued under the seal of the court and signed by the clerk, directed to the sheriff and his deputies, and to any constable or police officer of said city, and to the keeper of the commonwealth jail for the county of Middlesex, requiring the former to take and commit him to said jail, and the latter to keep and retain him therein until said sentence should be performed or he was otherwise discharged by due course of law.

This action was commenced and originally prosecuted upon the assumption or supposition that the ordinance for the violation of the provisions of which the plaintiff was complained of, was repugnant to the laws of the Commonwealth, and unconstitutional and void; and therefore that the proceedings under it afforded no justification to any of the defendants of the several acts done by them under and in pursuance of said complaint. But the validity of that ordinance having, in the case of *Commonwealth* v. *Bean*, 14 Gray, 42, been subsequently considered and definitively affirmed and established, the plaintiff, at the argument upon the statement of facts, waived the position upon which he at first relied, and contended that the warrant of commitment under which he was delivered into the custody of the jailer and detained by him was irregular and insufficient to authorize or justify his imprisonment.

To the validity of that warrant he objects that it contains no recital that the complaint upon which the proceedings against him were had was made upon oath, and also that it sets forth that he was sentenced to pay a fine to the use of the Commonwealth. It was conceded by the defendants that fines imposed for a violation of any of the provisions of the ordinance referred to are to be appropriated to the use of the city of Lowell and not of the Commonwealth.

In examining the record of the judgment, it appears that the

19 *

appropriation of the fine to the payment of which the plaintiff was sentenced was properly awarded and declared. The recital in the warrant of commitment upon that subject was therefore erroneous. But this was wholly immaterial to the plaintiff. The judgment having been correctly rendered, he was bound to submit to the sentence; the misrecital in the warrant could do him no harm nor subject him to any possible disadvantage. Upon payment of the fine and costs he would have complied with the judgment against him and have entitled himself to a discharge from the custody of the officer holding him under the warrant, whatever was the disposition which the law required to be made of the money when it was paid. It is by no means certain that it was necessary to set forth in the judgment the legal appropriation of the fine; but, if the judgment was not erroneous, the omission to state in the warrant for whose use the money when received was to be held, which might be useful as a guide and direction to the officer, although not essentially necessary for that purpose, was in no way detrimental to the defendant, and therefore not a defect of which he can take advantage. As the complaint against him was made upon oath, it warranted all the subsequent proceedings which were had upon it; and, upon the rendition of a legal judgment, it was within the authority of the police court, upon failure of the convict to comply with the sentence, to issue a warrant of commitment, containing a recital of the subject-matter of the complaint, of the judgment rendered upon it, and of the neglect or refusal to pay the fine to the payment of which he was sentenced, without stating that the complaint was made upon oath. It would perhaps have been more regular to do so, but it was not indispensable. 1 Chit. Crim. Law, 110.

Upon comparison of the recitals in the mittimus, we find no want of conformity to the allegations in the complaint or judgment, and no ground for sustaining the objection that they set forth distinct or different violations of the ordinance as grounds of accusation, or that the time of the commission of the alleged offence was not properly averred.

It was not necessary to designate in the mittimus the particu

lar jail to which the prisoner should be committed. They were all, if there was more than one in the county, equally under the control and in the keeping of the sheriff, who is responsible for the due care and control of all persons committed by virtue of legal process to imprisonment in either of them. In a recent determination in a civil action, it was held that the defendant upon an execution might be committed to either of the jails at the discretion of the officer by whom it was served. *Woodward* v. *Hopkins*, 2 Gray, 210.        *Judgment for the defendants.*